UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFONSO GALLARDO-MORENO,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, et al.,

Respondents.

No.  1:26-cv-01151-KES-FJS (HC)

In an effort to aid the parties in their preparations for the status hearing conference set for April 30, 2026, at 10:30 a.m., the Court provides this list of questions and topics that the parties should be prepared to address:

1) An online search of the EOIR Automated Case Information utilizing Petitioner's A-Number indicates "no appeal was received for this case." What is the status of the appeal of the immigration judge's January 12, 2026, order?

2) The online search of the EOIR Automated Case Information further indicates Petitioner has a master hearing scheduled on May 5, 2026, before an immigration judge. What is the current status of Petitioner's immigration case?

3) The exhibits submitted by Respondents indicate that the Board of Immigration Appeals ("Board") granted DHS's motion for discretionary stay on March 18, 2026. (ECF No. 9.) Therefore, it appears authority for staying the Immigration Judge's order has shifted from 8 C.F.R. § 1003.19(i)(2) to 8 C.F.R. § 1003.19(i)(1). Is the due

process concern that a DHS official can invoke an automatic stay in an arbitrary and capricious fashion no longer at issue? The parties should be prepared to explain the process the Board uses to evaluate requests for discretionary stays under section 1003.19(i)(1) generally and the process that the Board used here to evaluate Respondents' request.

4) Assuming authority for the stay is now vested with the Board, are *Diouf v. Napolitano*, 634, F.3d 1081 (9th Cir. 2011), and *Zadvydas v. Davis*, 533 U.S. 678 (2001), *cited in* Pet.'s Reply Br. (ECF No. 11), the only authorities Petitioner invokes to challenge the Board's discretionary stay decision?

5) What is Respondents' position with respect to Petitioner's contention that the Board's issuance of a discretionary stay violated his due process rights? Respondents are directed to address the district court's opinion in *Otilio B.F. v. Andrews, et al.*, 809 F.Supp.3d 1038 (E.D. Cal. Nov. 11, 2025), and state whether this case is distinguishable, and if so, in what way. Respondents should also be prepared to discuss whether evidence of risks of flight or danger were presented to the immigration judge in advance of the January 12, 2026, decision and whether Respondents' exclusive focus on the applicability of either section 235 or section 236(a) of the Immigration and Nationality Act in the briefing papers submitted to the Board (ECF No. 7-1 at 16-39) means that Respondents have no other grounds for seeking detention.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

_____
UNITED STATES MAGISTRATE JUDGE