UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALFONSO GALLARDO-MORENO,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX, et al.,

Respondents.

No.  1:26-cv-01151-KES-FJS (HC)

FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS

(ECF No. 1)

[10-DAY OBJECTION DEADLINE]

Petitioner Alfonso Gallardo-Moreno is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 9, 2026, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1.) Petitioner states that an immigration judge ordered his release on a $10,000 bond on January 12, 2026, pursuant to an 8 U.S.C § 1226(a) bond hearing. (ECF Nos. 1 at 3; 7-1 at 3.) He claims Respondent then violated his due process rights by invoking an automatic stay that operated to deny him bond, without individualized findings, without a perfected appeal, and without any meaningful process. (ECF No. 1 at 1.) The Petition recites a request for a temporary restraining order (ECF No. 1 at 5), but Petitioner did not separately move for a temporary restraining order until April 2, 2026 (ECF No. 12). By April 2, the circumstances of Petitioner's detention had changed.

On February 11, 2026, the court issued an order directing Respondent to show cause why the petition should not be granted. (ECF No. 6.) On March 12, 2026, Respondent filed a response

1

to the order to show cause arguing first, that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2), and second, that the automatic stay did not violate Petitioner's due process rights. (ECF No. 7.)  On March 14, 2026, Petitioner filed a reply arguing Petitioner should be released pursuant to the immigration judge's order. (ECF No. 8.) After the parties submitted briefing, on March 18, 2026, Respondent advised the court that the Board of Immigration Appeals ("Board") had granted the government's motion for stay of the immigration judge's bond decision. (ECF Nos. 9, 9-1.) The Board requested the parties to file further briefs by April 8, 2026, and the matter is now pending before the Board on appeal. (ECF No. 9-2.) As noted above, Petitioner filed a motion for restraining order on April 2, 2026. (ECF No. 12.)

On April 30, 2026, the court held a hearing on the status of Petitioner's immigration proceedings. (ECF No. 15.) Petitioner and Respondents appeared at the hearing. Key points agreed to at the April 30 hearing include: (1) that Petitioner is now being detained under the Board's discretionary stay authority of 8 C.F.R. § 1003.19(i)(1), (2) that the argument on which the Board based its detention decision is effectively the same as that presented in Respondent's memorandum in support of their appeal from the immigration judge's decision (ECF No. 7-1 at 16-44), and (3) that Petitioner was not offered an opportunity to address the Board before the discretionary stay decision and, in fact, did not address the Board before that decision was made. April 30, 2026, Hrg. Tr. 8:1-9, 10:4-11:10. The matter is now before the court for findings and recommendation.

I.    JURISDICTION

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A district court may grant a writ of habeas corpus when the Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) (citing *Singh v. Holder*, 638 F.3d 1196, 1211–12 (9th Cir. 2011)).

II.     DISCUSSION

    A.  Detention Authority

Respondents first argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Yet the immigration judge determined that Petitioner was subject to § 1226(a) and granted release on bond. (ECF No. 7-1 at 18.) Specifically, the immigration judge rejected the government's argument that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025) controlled and that Petitioner was subject to mandatory detention under § 1225(b); instead, the immigration judge determined that Petitioner was eligible for bond release pursuant to the Central District of California's decision in *Maldonado Bautista v. Santacruz, et al.*, No. 25-1873, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). (ECF No. 7-1 at 3 ("[Petitioner] deemed to be detained under section 236(a) of the Immigration & Nationality Act ("Act"), rather than section 235(b)(2) of the Act".)) In *Maldonado Bautista*, the court broadly certified a "Bond Eligible Class" consisting of:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Id*. at 9.  The *Maldonado Bautista* court determined that noncitizens, such as Petitioner here, were subject to discretionary detention authority pursuant to section 1226(a).

Respondents acknowledged the immigration judge's section 1226(a) determination but argued it was erroneous. (ECF No. 7 at 2-3.) There is, to be sure, a split among the district courts as to whether section 1226 or section 1225 applies to aliens like Petitioner here. *Compare Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1118 (E.D. Cal. 2025), *with Alonzo v. Noem*, No. 25-cv-01519 WBS SCR, 809 F. Supp. 3d 1069, 1073-74 (E.D. Cal. 2025). Here, the district court judge assigned to this case has repeatedly embraced the former view (as have most district court judges to address the question). *See Lepe*, 801 F. Supp. 3d at 1118; *Crispin M.C. v. Noem,* No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026). This court recommends that Petitioner be treated the same as similarly situated aliens whose claims the district court judge assigned to this case previously adjudicated. Hence, section 1226(a) and not section 1225(b)(2)

applies to Petitioner.[1]

Having determined that Petitioner was subject to discretionary detention under section 1226(a), the Court now turns to the continued detention of Petitioner following the immigration judge's determination of bond.

B.  The Stay of the Bond Determination

As previously noted, on January 12, 2026, the immigration judge granted Petitioner's release on bond. (ECF No. 7-1 at 3.) On the same date, the government filed its notice of intent to appeal to the Board. (ECF No. 7-1 at 5.) The notice further invoked an automatic stay of the immigration judge's decision pursuant to 8 C.F.R. § 1003.19(i)(2). (ECF No. 7-1 at 5.) The Petition in this case was filed while the automatic stay was in place. (ECF No. 1 ¶¶ 16-21).

Subsequently, on March 18, 2026, the Board granted the government's motion for stay. (ECF No. 9-1 at 2.) In doing so, authority for the stay shifted to the Board pursuant to section 1003.19(i)(1), which provides:

> General discretionary stay authority. The Board of Immigration Appeals (Board) has the authority to stay the order of an immigration judge redetermining the conditions of custody of an alien when the Department of Homeland Security appeals the custody decision or on its own motion. DHS is entitled to seek a discretionary stay (whether or not on an emergency basis) from the Board in connection with such an appeal at any time.

8 C.F.R. § 1003.19(i)(1). Petitioner moved for a temporary restraining order on April 2, 2026. (ECF No. 12.)

The court previously held that continued detention pursuant to the automatic stay regulation of a noncitizen who was granted release on parole violates the noncitizen's procedural due process rights. *Otilio B.F. v. Andrews, et al.*, 809 F.Supp.3d 1038 (E.D. Cal. Nov. 11, 2025). Here, however, Petitioner was no longer detained pursuant to the automatic stay provision by the time he filed his motion for a temporary restraining order. The parties agree that propriety of detention is evaluated under section 1003.19(i)(1), not section 1003.19(i)(2). April 30, 2026, Hrg. Tr. 8:1-9. The court will, therefore, evaluate the propriety of Petitioner's continued detention

---

[1] As discussed *infra*, the government's authority to detain under § 1226(a) ceased once the immigration judge granted release on bond.

4

under the Board's discretionary stay.

As a matter of regulatory interpretation, the discretionary stay terminates when the Board rules on Respondents' substantive appeal of the immigration judge's decision. This natural termination of the discretionary stay places Petitioner's continued detention more in the category of 8 U.S.C. §§ 1225(b)(1) and 1225(b)(2) than 8 U.S.C. § 1231(a)(6). *Cf. Jennings v. Rodriguez*, 138 S. Ct. 830, 843-44 (2018) (distinguishing *Zadvydas v. Davis*, 533 U.S. 678 (2001)). Hence, application of the canon of constitutional avoidance to impose a periodic bond requirement on 8 C.F.R. § 1003.19(i)(1) is "not plausible." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1200 (9th Cir. 2022). Instead, the court must evaluate the constitutionality of Petitioner's stay under the Due Process Clause. *Cf. Jennings*, 138 S. Ct. at 851; *Rodriguez Diaz*, 53 F.4th at 1201-03.

### 1. *Mathews Test*

To determine whether "detention violates procedural due process, courts apply" the *Mathews* factors. *Herrera*, 798 F.Supp.3d at 1199. Those factors are:

> [T]he private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### a. *Private Interest*

Petitioner's private interest is his freedom from detention. That interest "lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). Here, Petitioner is detained pursuant to the Board's discretionary stay regulation and unable to return to his normal life, even though a neutral decisionmaker had already found that there were sufficient conditions that sufficiently mitigated the risks of flight or danger to justify release. And although the present length of detention to date can be considered brief or limited, *see Demore*, 538 U.S. at 529 (noting the relative brevity of detention under section 1226(c) that lasts roughly a month and a half in 85% of

cases), the "potential length of detention" is a factor that adds weight to Petitioner's liberty interest. *See Hernandez-Lara v. Lyons*, 10 F.4th 19, 30 (1st Cir. 2021) (noting in the context of section 1226(a) that "[d]etention . . . is frequently prolonged because it continues until all proceedings and appeals are concluded ... even where an individual has prevailed and the Government appeals.") (quoting *Velasco Lopez v. Decker*, 978 F.3d 842, 852 (2nd Cir. 2020)). This private interest to be released here is substantial.

*b.    Risk of Erroneous Deprivation*

As to the second factor, the court finds that there are insufficient agency procedures to safeguard Petitioner's liberty interest and mitigate the risk of erroneous deprivation. Respondents' submission to the Board focuses exclusively on applicability of section 1225 to Petitioner. April 30, 2026, Hrg. Tr. 9:9-10:13. The Board was presented with no evidence of risks of flight or danger to justify the discretionary stay. April 30, 2026, Hrg. Tr. 14:13-15:5. Given that the immigration judge in this case, most of the judges in the district courts, and the district court judge assigned to this case have already rejected application of section 1225 to aliens like Petitioner, *supra* Part II.A (citing *Lepe*, 801 F. Supp. 3d at 1118, and *Crispin M.C.*, 2026 WL 70553), the likelihood of an erroneous deprivation is high. And the fact that Petitioner was afforded no opportunity to respond to Respondents' request for a discretionary stay, April 30, 2026, Hrg. Tr. 10:15-11:4, exacerbates that risk.

These facts distinguish this case from the procedural due process analysis in *Rodriguez Diaz*. There, the alien had a right to seek an additional bond hearing and was denied bond in a prior detention hearing. 53 F.4th at 1209. Those safeguards do not apply to either the automatic stay or the discretionary stay at issue here. Hence, where the decision to detain in *Rodriguez Diaz* was "subject to numerous levels of review, each offering [the alien] the opportunity to be heard by a neutral decisionmaker," *id.* at 1210, Petitioner here already was determined eligible for release and the administrative processes invoked to thwart that order do not offer him an opportunity to be heard. These features distinguish Petitioner's case from the analysis of the second *Mathews* factor in *Rodriguez Diaz*. The second factor thus weighs in Petitioner's favor.

6

                    c.        *Government Interest*

The government's interests in "protecting the public from dangerous criminal" noncitizens and preventing noncitizens from fleeing are "interests of the highest order." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). But here, a neutral decision maker has already evaluated whether Petitioner presents those risks and determined that there were conditions that sufficiently mitigated those risks to justify release. The Government's interests are thus adequately protected.[2]

Thus, the three *Mathews* factors show that Petitioner's current detention pursuant to the stay provision violated his procedural due process rights. The Court recommends he should be released pursuant to the order by the immigration judge.

RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be GRANTED and Respondent be ORDERED TO RELEASE Petitioner subject to the conditions imposed by the immigration judge.

These findings and recommendation are submitted to the United States district court judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) days after being served with a copy of these findings and recommendation, a party may file written objections with the court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The court will not

---

[2] The government invoked section 1226(c)(1)(a) as an alternative ground for detention based on an older conviction of a misdemeanor.  April 30, 2026, Hrg. Tr. 13:12-14:7. The parties disagree as to whether this prior misdemeanor conviction was sufficiently weighty to give rise to section 1226(c)(1)(a)'s application. *Compare* April 30, 2026, Hrg. Tr. 15:21-16:9, *with* April 30, 2026, Hrg. Tr. 16:11-22. It is undisputed, however, that the Board was *not* presented with a section 1226(c)(1)(a) argument when it issued its discretionary stay.  April 30, 2026, Hrg. Tr. 10:4-13, 14:13-15:5. The court, therefore, declines to evaluate whether the Board's hypothetical exercise of its discretionary stay authority based on an alternative justification that the Board was not asked to consider and that Petitioner has had no opportunity to oppose would have violated Petitioner's due process rights.

7

consider exhibits attached to the objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. The district judge may disregard any pages filed in excess of the fifteen (15) page limitation.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).

IT IS SO ORDERED.

   Dated:   **May 11, 2026**

                                              _____

                                              UNITED STATES MAGISTRATE JUDGE